IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-13-94-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| KYLE KANE KICKING WOMAN, | |
| Defendant. | |

## I. Synopsis

Mr. Kicking Woman was accused of violating his conditions of supervised release by: (1) failing to work regularly at a lawful occupation; (2) not permitting his probation officer to visit him at any time; and (3) consuming alcohol. Mr. Kicking Woman's supervised release should be revoked. He should be sentenced to six months of custody, with 30 months of supervised release to follow.

## II. Status

In January 2014, Mr. Kicking Woman pleaded guilty to Burglary. Doc. 18. United States District Court Judge Brian Morris sentenced Mr. Kicking Woman to 24 months in custody and 36 months of supervised release. Doc. 22. Mr. Kicking Woman's term of supervised release began on August 13, 2015. Doc. 27.

**Petition**

On September 4, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Kicking Woman's supervised release. Doc. 27. Based on the petition, the undersigned issued a warrant for Mr. Kicking Woman's arrest. Doc. 28. The Probation Office accused Mr. Kicking Woman of violating Standard Condition 5 of his supervised release by failing to work regularly at a lawful occupation. The Probation Office accused Mr. Kicking Woman of violating Standard Condition 10 of his supervised release by failing to permit his probation officer to visit him at any time. The Probation Office also accused Mr. Kicking Woman of violating Special Condition 5 of his supervised release by consuming alcohol. Doc. 27.

**Initial appearance**

Mr. Kicking Woman appeared before the undersigned on September 8, 2015, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Kicking Woman said he had read the petition and understood the allegations. Mr. Kicking Woman waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On September 8, 2015, Mr. Kicking Woman appeared with Mr. Branom before the undersigned for a revocation hearing. Mr. Dake appeared on behalf of the United States. Mr. Kicking Woman admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Kicking Woman's supervised release.

Mr. Kicking Woman's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

The parties jointly recommended a sentence of six months of custody, followed by 30 months of supervised release. The parties argued this sentence would adequately address the breach of the Court's trust. Mr. Kicking Woman addressed the Court and explained that he "fell off of the wagon" after a fight with his brother.

### III.  Analysis

Mr. Kicking Woman's supervised release should be revoked because he admitted violating its conditions. Based on the parties' recommendation, Mr. Kicking Woman should be sentenced to six months of custody, with 30 months supervised release to follow. The conditions of supervised release previously

imposed should be continued. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Kicking Woman was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Kicking Woman's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Kicking Woman's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> 1. Kyle Kane Kicking Woman violated Standard Condition 5 of his supervised release by failing to report for work on September 2, 2015, and September 3, 2015.
>
> 2. Kyle Kane Kicking Woman violated Standard Condition 10 of his supervised release by failing to permit his probation officer to visit him on September 3, 2015.
>
> 3. Kyle Kane Kicking Woman violated Special Condition 5 of his supervised release by consuming alcohol on or about September 3, 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Kicking Woman's supervised release and committing Mr. Kicking Woman to the custody of the

United States Bureau of Prisons for six months. He should be sentenced to 30 months of supervised release. The same conditions of supervised release should be continued.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 15th day of September, 2015.

John Johnston
United States Magistrate Judge