IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-94-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| KYLE KANE KICKING WOMAN, | |
| Defendant. | |

## I. Synopsis

Mr. Kicking Woman was accused of violating his conditions of supervised release by consuming alcohol. Mr. Kicking Woman admitted he consumed alcohol. His supervised release should be revoked. He should be sentenced to six months of custody, with 24 months of supervised release to follow. A condition requiring Mr. Kicking Woman to reside at a residential reentry center for 180 days should be added.

## II. Status

In January 2014, Mr. Kicking Woman pleaded guilty to Burglary. (Doc. 18.) United States District Court Judge Brian Morris sentenced Mr. Kicking Woman to 24 months in custody and 36 months of supervised release. (Doc. 22.) Mr. Kicking Woman's first term of supervised release began on August 13, 2015.

(Doc. 27.)

On September 30, 2015, Mr. Kicking Woman's supervised release was revoked because he violated the conditions of his supervised release by failing to work regularly at a lawful occupation, failing to permit his probation officer to visit him at any time, and consuming alcohol. Mr. Kicking Woman was sentenced to six months of custody and 30 months of supervised release. (Doc. 35.)

**Petition**

On March 3, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Kicking Woman's supervised release. (Doc. 37.) The Probation Office accused Mr. Kicking Woman of violating Special Condition 5 of his supervised release by consuming alcohol. (Doc. 37.) Based on the petition, Judge Morris issued a warrant for Mr. Kicking Woman's arrest. (Doc. 38.)

**Initial appearance**

Mr. Kicking Woman appeared before the undersigned on March 7, 2016, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Jeffrey Starnes represented the United States.

Mr. Kicking Woman said he had read the petition and understood the allegations. Mr. Kicking Woman waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The

hearing commenced.

**Revocation hearing**

On March 7, 2016, Mr. Kicking Woman appeared with Mr. Branom before the undersigned for a revocation hearing.  Mr. Starnes appeared on behalf of the United States.  Mr. Kicking Woman admitted that he violated the conditions of his supervised release by using alcohol.  The violation is serious and warrants revocation of Mr. Kicking Woman's supervised release.

Mr. Kicking Woman's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for 30 months, less any custody time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Branom argued a low end sentence of four months of custody would be appropriate and recommended the Court add a condition requiring Mr. Kicking Woman to reside at a residential reentry center for 180 days.  Both parties noted that it was troubling that Mr. Kicking Woman violated the conditions of his supervised release within hours of his release from custody.  Mr. Starnes argued that a term of custody of six months was not enough to get Mr. Kicking Woman's attention.  He argued a sentence of eight months of custody would keep Mr. Kicking Woman away from temptation and get his attention.

Mr. Kicking Woman addressed the Court and explained that he will only be able to succeed if he does not return to the reservation. He asked for time at a residential reentry center and said he hopes to stay in Great Falls. He requested that the Court recommend he be placed at the Federal Correctional Institution in Sheridan, Wyoming.

## III. Analysis

Mr. Kicking Woman's supervised release should be revoked because he admitted violating its conditions. Mr. Kicking Woman should be sentenced to six months of custody, with 24 months supervised release to follow. The conditions of supervised release previously imposed should be continued, and a condition requiring Mr. Kicking Woman to reside at a residential reentry center should be added. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Kicking Woman was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Kicking Woman's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Kicking Woman's supervised release and what, if any,

sanction to impose.

The undersigned **FINDS:**

Kyle Kane Kicking Woman violated Special Condition 5 of his supervised release by consuming alcohol on or about March 1, 2016.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Kicking Woman's supervised release and committing Mr. Kicking Woman to the custody of the United States Bureau of Prisons for six months. The Court should recommend to the Bureau of Prisons that Mr. Kicking Woman be housed at the Federal Correctional Institution in Sheridan, Wyoming.

Mr. Kicking Woman should be sentenced to 24 months of supervised release. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

The following condition should be added:

The defendant shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in the pre-release component, for a period of 6 months. The defendant shall abide by all rules and regulations of the center and successfully complete any programming as deemed appropriate by the United States Probation Office.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

     Dated the 9th day of March, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge