IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-94-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| KYLE KANE KICKING WOMAN, | |
| Defendant. | |

## I. Synopsis

Mr. Kicking Woman was accused of violating his conditions of supervised release by using methamphetamine and failing to participate in substance abuse treatment. Mr. Kicking Woman admitted the allegations. His supervised release should be revoked. He should be sentenced to ten months in custody, with no supervised release to follow.

## II. Status

In January 2014, Mr. Kicking Woman pleaded guilty to Burglary. (Doc. 18.) United States District Court Judge Brian Morris sentenced Mr. Kicking Woman to twenty-four months in custody and thirty-six months of supervised release. (Doc. 22.) Mr. Kicking Woman's first term of supervised release began on August 13, 2015. (Doc. 27.)

On September 30, 2015, Mr. Kicking Woman's supervised release was revoked because he violated the conditions of his supervised release by failing to work regularly at a lawful occupation, failing to permit his probation officer to visit him at any time, and consuming alcohol. Mr. Kicking Woman was sentenced to six months of custody and thirty months of supervised release. (Doc. 35.)

On March 25, 2016, Mr. Kicking Woman's supervised release was revoked because he used alcohol. (Doc. 47.) He was sentenced to six months in custody, with twenty-four months of supervised release to follow. (*Id.*) He began his current term of supervised release on September 2, 2016.

On April 18, 2917, The United States Probation Office filed a Report on Offender Under Supervision notifying the Court that Mr. Kicking Woman used alcohol, used methamphetamine, and failed to maintain his employment. (Doc. 49.)

**Petition**

On May 15, 2017, the Probation Office filed a petition asking the Court to revoke Mr. Kicking Woman's supervised release. (Doc. 50.) The Probation Office

accused Mr. Kicking Woman of violating the condition of his supervised release by using methamphetamine and failing to participate in substance abuse treatment. (Doc. 50.) Based on the petition, Judge Morris issued a warrant for Mr. Kicking Woman's arrest. (Doc. 51.)

**Initial appearance**

Mr. Kicking Woman appeared before the undersigned on May 31, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Jocelyn Hunt accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Kicking Woman said he had read the petition and understood the allegations. Mr. Kicking Woman waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Kicking Woman admitted that he violated the conditions of his supervised. The violations are serious and warrants revocation of his supervised release.

Mr. Kicking Woman's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on

supervised release for twenty-four months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Ms. Hunt recommended a non-custodial sentence to include in-patient treatment and time at the Great Falls Prerelease. Mr. Kicking Woman exercised his right of allocution and stated that things went downhill for him after his grandmother died. Ms. Betley recommended a high-end sentence, with no supervised release to follow.

### III. Analysis

Mr. Kicking Woman's supervised release should be revoked because he admitted violating its conditions. Mr. Kicking Woman should be sentenced to ten months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Kicking Woman was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Kicking Woman's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Kyle Kane Kicking Woman violated the conditions of his supervised release by using methamphetamine and failing to participate in substance abuse treatment.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Kicking Woman's supervised release and committing Mr. Kicking Woman to the custody of the United States Bureau of Prisons for ten months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of June 2017.

John Johnston
United States Magistrate Judge